IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ROLANDO ANDRES GARCIA-MUNIZ, *
        Petitioner, *
         *
    V. *
         *
R. HANSON, Warden, *
Federal Correctional Institution *
Three Rivers *
        Respondent. *
                            * * * * *

Clerk, U.S. District Court
Southern District of Texas
FILED

APR 12 2017

David J. Bradley, Clerk of Court

PETITIONER'S MOTION FOR HABEAS RELIEF
PURSUANT TO 28 U.S.C. SECTION 2241.

COMES NOW, the Petitioner, Mr. Rolando Garcia-Muniz, Pro Se, humbly moving this Honorable Court to grant Petitioner Habeas relief pursuant to 28 U.S.C. Section 2241. Mr. Garcia-Muniz seeks relief pursuant to 28 U.S.C. Section 2241, which allows that the writ of habeas corpus be extended to prisoners "in custody in violation of the Constitution or laws...of the United States." See 28 U.S.C. Section 2241(c)(3). Here Mr. Garcia-Muniz was sanctioned with a loss of good-time credits, and thereby has the right to present this claim pursuant to 28 U.S.C. Section 2241. The Petitioner asserts the following in support of this motion and request for relief:

I.   BACKGROUND

The Petitioner is currently incarcerated at the Federal Correctional Institution-Three Rivers, serving a 46-month term of imprisonment, based upon an illegal re-entry conviction in the United States District Court, for the Southern District of Texas, McAllen Division.

Petitioner alleges, herein, violations of his constitutional rights from actions taken relative to a disciplinary hearing, in which Petitioner was convicted and sanctioned under Code 108 of Section 541 (Inmate disciplinary program). Petitioner was found guilty of Possession of a hazardous tool (cell phone).

1

On 04/15/2016 at approximately 10:30 a.m., a search was conducted in Unit C09 cell 3. This search produced 2 cellular devices. While searching the cellular devices, SIS KCarson alleges that she was able to come across one number that linked to the Petitioner Garcia-Muniz only, by the GTL system. The number (9562124414) appeared in the system after Petitioner's arrival Big Springs (GEO) Correctional Facility. Petitioner Garcia-Muniz was not housed in Unit C09 or cell 3 at the time the cellular devices were found or at any time during his incarceration at the Big Springs facility. He was housed in Unit C10, cell 126L at the time the cellular devices were discovered and he had been housed in Bravo A, cell 5 prior to being housed in Unit C10.

As a result of finding a number in the cellular device that corresponded to a number in the Petitioner's call history on the GTL system, he was charged with possession of a hazardous tool. The charge was referred to the Disciplinary Hearing officer (hereinafter "DHO"). See Attachment 1.

A DHO Hearing was conducted on June 23, 2016, after requiring several re-writes of the indicent report. At the hearing, the DHO Officer found guilt based upon the number found in the cell phone corresponding to a number found on Petitioner's call history in the GTL list, the DHO's attempt to call the number using Petitioner's inmate PIN (74469079), and Petitioner's inability to provide evidence that his Pin number had been stolen and used, which he alleged.

Petitioner's sanctions included, among other things, loss of 41 days of good time credit. See Attachment 2, pgs. 1-3.

## II. EXHASUTION OF ADMINISTRATIVE REMEDIES

The Fifth Circuit has long noted that before seeking federal habeas relief under Section 2241, a prisoner must first have exhausted the administrative remedies provided by the Bureau of Prisons. Castano v. Everhart, 235 F. App'x 206, 207 (5th Cir. 2007).

The Petitioner sought to appeal the finding of guilt and sanctions imposed through the administrative remedies process. He filed a request for an informal remedy, appealed to the Warden of the Institution, appealed to the Regional Office, and appealed to the Central Office in Washington. Each of the Petitioner's appeals were denied, and therefore this instant motion for Hapeas Relief pursuant to 28 U.S.C. Section 2241 is appropriate. See Attachment 3, pgs. 1-10.

III. <u>PETITIONER'S DEFENSE(S)</u>

The Petitioner maintains his innocence of this violation of FBOP Policy as he has since the day he was presented with the orignial incident report. The Petitioner has put forth the following defenses: (1) The cell phone was not Petitioner's and the number found in the cell phone call log that matched the number in Petitioner's call history on the GTL system did not belong to the Petitioner; (2) Petitioner's Pin number had been stolen and somone placed calls using Petitioner's Pin, therefore the number in Petitioner's call history did not belong to Petitioner. Petitioner had his Pin number changed by staff as a result of his Pin number being stolen and calls being made (See Attachment 2, pg. 2; and see Attachment 4, pgs. 1-6; see also Attachment 3, pg. 5); and (3) there is no evidence or insufficient evidence to determine that Petitioner possessed the cellular device in question. (See Attachment 3, pg. 5; see Attachment 1, pg. and 6).

IV. <u>GROUNDS FOR RELIEF</u>

Petitioner Garcia-Muniz claims that he was denied his rights to Procedural Due Process where he was; (1) deprived of an opportunity to obtain and present exculpatory evidence; (2) deprived of the right to have a staff representative represent him; and (3) there was "no evidence" to support a finding that Petitioner Garcia-Muniz possessed the cellular device in question.

3

1. __Standard of Review__

Federal prisoners have liberty interests in their accumulated good-time credit. See Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000). Therefore and because a good-time credit liberty interest is implicated, the analysis approved by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 91974) and Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985), governs the review of the contested disciplinary proceedings.

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) that upon review, at least "some evidence" supporting the ruling. 472 U.S. at 454; 418 U.S. at 556. Courts will not review a disciplinary hearing officer's factual findings de novo. Instead, the courts will only consider whether the decision is supported by "some facts" or by "modicum of evidence." 472 U.s. at 454-55; Gibbs v. King, 779 F.2d 1040, 1046 (5th Cir. 1986). "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001).

2. <u>Garcia-Muniz was Denied an Opportunity to Present Evidence</u>

As stated above, in order for prison disciplinary proceedings to comport with the requirements of due process, at a minimum the prisoner must be afforded an opportunity to present evidence. In the present case, Petitioner Garcia-Muniz was denied the right to present exculpatory evidence or any evidence at all.

After receiving notice from the Unit Disciplinary Committee (UDC) that he never possessed the cellular device in question, that his pin number had been stolen and that he requested and obtained a new pin number because of the theft, and that he never called the phone number in question. Petitioner Garcia-Muniz sought to obtain evidence to prove these allegations and thereby prove that he did not possess or use the cellular device in question.

In an attempt to obtain proof that his telephone pin number was stolen, Petitioner Garcia-Muniz wrote six (6) inmate request(s) to Staff between April 22, 2016, seven days after the incident report was originally served, to June 28, 2016, even after he was found guilty and sanctioned. In each of his request to staff, Petitioner wrote to Mr. Bloodworth, the staff member who changed his pin number due to the theft. See Attachment 4, pgs. 1-6. In each request he reminded Mr. Bloodworth that he changed the Petitioner's pin number due to theft of the pin number, and he requested that Mr. Bloodworth provide the Petitioner documentation stating that his pin number had been changed in January 2016 due to Petitioner's allegation of theft. The Petitioner never received any response from staff as to this request, and thereby was prejudiced where he was not able to present evidence in support of his defense.

The DHO officer stated, as one of the reasons for finding Petitioner guilty of the offense charged was "You also state your PIN was stolen. The DHO considered your statement and your statement to the investigating officer of the charge against you but was not convinced. You show no evidence of you reporting your stolen PIN to any official." See Attachment 2, pg. 2.

Upon receiving the incident report that is subject to this challenge, Petitioner Garcia-Muniz was placed in special housing or segargation, therefore he had opportunity to go meet with the staff

5

member (Mr. Bloodworth) who changed his Pin number in January 2016 due to the theft of his Pin number. Surely, six (6) written and submitted Inmate Requests to Staff constitute that Petitioner Garcia-Muniz put forth the effort that this Court, the Fifth Circuit, and the FBOP would require him to put forth in an attempt to obtain this exculpatory evidence.

Petitioner Garcia-Muniz did all that he could to obtain and present evidence, but staff refused to respond to his requests for this evidence thereby leaving him without the opportunity to present evidence as required by the Supreme Court.

The Petitioner was prejudiced, by this failure and deprivation of his due process right to present evidence, where the DHO officer based his finding of guilt on the lack of proof or evidence that Petitioner garcia-Muniz's Pin number was stolen. It is reasonably probable that had staff provided Petitioner Garcia-Muniz with this exculpatory evidence, and thereby he was given the opportunity to present this evidence at the DHO hearing, the outcome of those proceedings would have been different. Because Petitioner Garcia-Muniz was deprived of his due process right to present evidence, and because this minimal procedural safeguard was not afforded, and the deprivation of this right had a direct effect on the outcome of the DHO Hearing, this Court should grant Petitioner Garcia-Muniz's request for relief by vacating the finding of guilt as to the incident report in question and dismiss the incident report. In the alternative, this Court should require the Big Springs facility to provide this Court and Petitioner Garcia-Muniz with the records of his Pin number changes during his incarceration in that facility.

In addition, Petitioner Garcia-Muniz's due process right to the opportunity to present evidence was violated, where staff failed to

6

provide the Petitioner with his telephone call history. The investigating officer stated in her report that "While searching through one of the celluar devices I was able to come across one number linked to inmate Garcia by the GTL system." See Attachment 1, pg. 1. In finding the Petitioner guilty of the offense, the DHO officer cited the account of the reporting employee, the investigating officer. He went on to state that "Garcia-Muniz is the only inmate who has contacted that number utilizing the GTL system with his PIN." See Attachment 2, pg. 2.

Prior to the DHO Hearing, Petitioner Garcia-Muniz placed an Inmate Request to staff, requesting a copy of his history. In his June 154, 2016 request, he states that its his third reqest and each of his other requests were unanswered." See Attachment 5, pg. 1. In responding to this Inmate Request to Staff, it was stated that there was no record of Petitioner Garcia-Muniz's calling history. Id. Furthermore, it was stated that "I think we only keep phone records from the last 60 days." Id. In fact, included with this response was a blank sheet of paper representing Petitioner Garcia-Muniz's call history, there was none.

Either because of the failure of staff to timely respond to Petitioner Garcia-Muniz's request for evidence, the response is dated July 6, 2016 (21 days after the final request was submitted), or the Big Spring facilities failure to keep adequate records of phone calls, Petitioner Garcia-Muniz was deprived of his due process right to present evidence.

The investigation officer issued this incident report based upon her allegation that she found the phone number in question in Petitioner Garcia-Muniz's call history or under his Pin number. The DHO Officer based his finding of guilt on the report that the investigation officer found the number in question under the Petitioner's phone Pin number. Yet, Petitioner Garcia-Muniz was never provided with this evidence

7

against him was no other documented evidence on the phone that showed his Pin number being used to call the number found in the cellular device. When Petitioner Garcia-Muniz attempted to gather evidence to challenge the investigating officer's report and finding, he was deprived of the evidence requested by being informed that there was no call history for him, and that if there had been any call history for phone calls made with his Pin number, they were erased from the system because the system only holds that information for two months.

Even in a disciplinary hearing, it must be proven that the defendant is guilty of the violation, but here accusations were made without any proof, and a finding of guilt was issued based on the unsupported accusation.

What makes this finding of guilt more eggregious, is that the Petitioner was deprived of his right to challenge the accusation set against him, where he was deprived of his call history. Had Petitioner been provided his call history, he could have presented evidence that the phone number in question, the number called from the cellular device, was not called from his Pin number. The deprivation of Petitioner's due process right to present evidence, and because this minimal procedural safeguard was not afforded the Petitioner was prejudiced as this unsupported allegation was directly used to make the finding of guilt in this case. Therefore, this Court should grant Petitioner Garcia-Muniz's request for relief by vacating the finding of guilt as to the incident reprot in question and dismiss the incident report, re-instate the Petitioner's good-time credit and lift all other sanctions. In the alternative, this Court should require the Big Springs facility to provide the phone call history of Petitioner Garcia-Muniz that it relied on.

8

2. <u>Garcia-Muniz was Denied his Right to a Staff Representative</u>

Section 541.8 of the Inmate Program Statement or Chapter five (5), which covers the Discipline Hearing Officer (DHO) hearing, states in subsection (d) that "You are entitled to have a staff representative during the DHO hearing process...". Petitioner Garcia-Muniz claims, herein, that he was denied the right to have a staff representative represent him.

While Petitioner Garcia-Muniz concedes that he has no constitutionally protected right to staff representation in a prison disciplinary proceedings, the deprivation of any staff representation was a due process violation that caused prejudice in this case. See Morgan v. Quarterman, 570 f.3d 663, 668 (5th Cir. 2009). The Petitioner is not claiming that his staff representative was deficient, but that he was deprived of the right given by the FBOP to have a staff representative.

Prior to the DHO hearing in question, Petitioner Garcia-Muniz was asked if he wanted a staff representative. Initially he stated that he wanted Officer Dough as his staff representative. In response he was told that Officer Dough would not be available. In return, Petitioner Garcia-Muniz, asked for His Unit Manager to be his staff representative, in response he was told the Unit Manager no longer worked at the facility.

Everytime Petitioner Garcia-Muniz put in a request for a particular staff representative, he was told the person was unavailable. Therefore, at the time of the DHO hearing, two months after the incident Petitioner Garcia-Muniz was without staff representation.

Petitioner Garcia-Muniz asserts here that even though the record of the DHO hearing or the written report states that he waived staff representation, he did not. This Court should take note that the DHO hearing took place more than two-months after the serving of the inital

9

incident report, and Petitioner Garcia-Muniz was housed in segregation or special housing during the duration of this time. He could not be place back in general population or even transferred until after his DHO hearing. And everytime he requested a staff representative and the person was not available, FBOP Policy requires that his DHO hearing be put off for several days or weeks until the staff representative was available or until the defendant would give up his right to a staff representative. The FBOP and particularly, the Big Springs facility is not following its own policy of appointing staff to represent the defendant at a disciplinary hearing when the staff representative requested is not available. See 548.1(d)(1).

By depriving Petitioner Garcia-Muniz of staff representation, the FBOP deprived him of due process and caused him to be prejudiced. Under Section 541.8(d)(2) staff representation will help the defendant to (1)help him understand the incident report; (2) assist with speaking with witnesses, obtaining written statements, and otherwise helping you prepare evidence for presentation at the DHO's hearing; and (3) during the hearing assist you in presenting evidence during the DHO's hearing.

As argued in claim one (1), it was essential to Petitioner Garcia-Muniz's defense that he was provided with the evidence requested, Petitioner was prejudiced in the denial of a staff representative because that staff representative would have been able to assist Petitioner in obtaining the evidence required to prove his innocence. The staff representative would have been able to talk to Mr. Bloodworth and obtained the evidence proving that Petitioner's Pin number was changed due to his allegation of theft of his Pin number. Also, staff representative would have been able to obtain Petitioner's call history in a timely manner, in order for the Petitioner to prove that he never called the number in question, or he would have been able to prove that there is no call history and thereby, the investigator's assertion that

she found as numbers in Document 1, the history is also:

The Petitioner was deprived of his right to have staff assist him in putting together his defense, in obtaining assistance in putting forth evidence, and he was prejudiced where the very evidence that he sought to put forth would have had a direct effect on the outcome of these proceedings. It is reasonably probable that had Petitioner Garcia-Munia been given the staff representatives that he requested or any staff representative at all, the outcome of these proceedings would have been different.

Based upon this due process violation, Petitioner Garcia-Muniz humbly moves this Court to grant the relief he is requesting herein, that is to vacate the conviction for this incident report, dismiss or expunge the incident report, re-instate his good-time credit and remove all other sanctions imposed. The Petitioner would, in the alternative, ask this Court for a new DHO hearing with staff representation, but the evidence required to prove his innonence would not now be available for staff to obtain, so a new hearing would be futile. The only fair and just remedy is to vacate the conviction and expunge the incident report.

3. <u>There Was "No Evidence" to Support a Finding that Petitioner Garcia-Muniz Possessed the Cellular Device.</u>

There was simply "no evidence," not a modicum of evidence to support a finding that Petitioner Garcia-Muniz possessed the cellular device in question, even under the liberal "some evidence" standard set forth by the Supreme Court.

It should be of great interest to this Court to consider facts, that while obvious, the investigating officer, DHO hearing officer, nor any of the administrative staff who considered Petitioner's Garcia-Muniz's appeals considered.

The cellular device in question, was found in Unit C09-cell 3. Petitioner Garcia-Muniz was never housed in Unit C0-9, nor was he ever housed in cell 3 of Unit C0-09 during the entire time that he was

11

incarcerated at the facility, it was not alleged that Petitioner Garcia-Muniz ever went into the CO-9 housing unit, as that would have been a violation of FBOP Policy, causing him to receive an incident report for being out of bounds and even being placed in special housing or segargation for this violation.

During Petitioner Garcia-Muniz's incarceration at the Big Springs facility and at the time that the cell phone was discovered, he was housed in United 10-cell 129L. This is a separate and distinct unit from the one that the cellular device was found in.

The cellular device was found in, not only a separate unit, but a separate cell from Petitioner Garcia-Muniz's, a unit and cell that Petitioner Garcia-Muniz is not responsible for according to FBOP Policy.

FBOP police and Federal law states that "an inmate who shares living quarters with other inmates may be held responsible for possession of a hazardous tool found concealed in the living quarters and accessible to all of the inmates who live there, however." Flannagan v. Tamez, 368 F. app'x 586, 588, and n.6 (5th Cir. 2010). "A person has constructive possession of a prohibited item if he knowingly has ownership, dominion, or control over the contraband or over the premises in which the contraband is located." United States v. Fambro, 526 F.3d 836, 839 (5th Cir. 2008)(citing Mcknight, 953 F.2d at 901).

This is not a case, of the cellular device being found in a shared living quarter. Petitioner Garcia-Muniz is being held responsible for possessing a hazardous device that was found, not in his living quaters, and not even in the housing unit that he lived in, and not in a common area such as the cafeteria or Recreation yard, but in a different housing unit that would be a violation of FBOP policy for Petitioner Garcia-Muniz to be in, and in another inmate's cell.

To find Petitioner Garcia-Muniz guilty of possessing this hazardous tool, he would have to be found guilty of or at least accused of

other serious violations of FBOP Policy that would require disciplinary action. There is simply no evidence that Petitioner Garcia-Muniz ever violated policy or that he was ever in Unit C09, cell 3.

The respondent may attempt to argue that the celluar device could have been transported to the housing unit that Petitioner Garcia-Muniz was living in, but that argument must be rejected as there is no evidence of that allegation, and because it is highly unlikely that a device of this nature, that surely if found would warrant such exteme disciplinary sanctions would be moved around from unit to unit. Speically, where it is easy to determine that a person is out of bounds when he is in a unit other than the one he is assigned to. The easiest way to be caught with this cellular device or any hazardous tool is to move it around, especially from unit to unit. No one wants to be caught with this device on his person, as there can be no defense for this. Also, this Court must only consider the evidence presented at the DHO hearing, and there ws no evidence presented at the DHO Hearing that Petitioner Garcia-Muniz ever lived in or was found in Unit C09, cell 3, the place where the hazardous device was found, neither was there any evidence presented that the hazardous device was moved or transported to Unit C10, the unit Petitioner Garcia-Muniz was housed in. There is simply no evidence that Petitioner Garcia-Muniz possessed this hazardous tool.

Even if the arugment was proposed or it was actually determined that the phone number in question truly belonged to Petitioner Garcia-Muniz, and he does not concede that argument, it is more likely that he may have known about the hazardous device and asked someone to place a call on his behalf. This does not amount to possession, it does not even amount to use. There is simply no violation here, by Petitioner Garcia-Muniz, as there is no evidence to support that he possessed the cellular device as he had no access to it. It was found in a unit he was barred

13

from going into and there is no evidence that he ever went into or was found in the unit where the hazardous tool was found.

It is more reasonable for this Court to believe that the number in question was shared by inmates, as inmates share numbers all the time. Generally, once inmate who has no money on his account or no phone minutes will ask another inmate to place a call for him and rely a message to his family or friends. This is more likely the case, then that Petitioner Garcia-Muniz sneaked into a unit, that he was unauthorize to be in, to use a cell phone.

It is also, more reasonable to believe that the person that the number belonged to and who used the cell phone did not call the same number from his own pin number. Some criminals are smart and commit sophisticated crimes. By not calling the same numbers on his cell phone and using his Pin number, there is a reduced chance of him being caught.

If this Court would consider this case as a whole, it would find that there is simply no evidence to prove that Petitioner Garcia-Muniz possessed the cellular device in question.

First, he did not live in the housing unit where the cell phone was found. Nor did he live in the cell in which it was found. Therefore, he is not responsible for the cell phone and could not possess it.

Two, there is no evidence that Petitioner Garcia-Muniz ever went into an unauthorized area (Unit C09), therefore he could not possess the cell phone.

Third, Petitioner Garcia-Muniz alleges that his Pin number was stolen and that calls were made from his account and that he had his Pin number changed as a result. He did not have possess, constructive or direct possess of the cell phone.

Fourth, any finding that the number found in the cell phone was also found in Petitioner Garcia-Muniz's call history does not prove that he possessed the cell phone, and any other inmate in the Big Springs

14

institution, who had access to Unit C05 could have called the number in question from the cellular device in question. There is not a monopoly on phone numbers, they are shared everyday. Proof that Petitioner Garcia-Muniz called the number from his Pin number or phone account does not prove that he possessed the cellular phone in question.

Therefore, Petitioner Gacric-Muniz's Constitutional right to due process was violated where he was found guilty of possessing a cell phone in a case with no evidence that he possessed the cell phone in question. There is simply no evidence in the record, knowing that the cell phone was found in a different unit, to support a finding of guilt. The decision and actions of the disciplinary committe were arbitrary, capricious and a abuse of discretion. It is arbitrary, capricious and a abuse of discretion to find Petitioner Garcia-Muniz guilty of possessing a cell phone found in a unit that he had no access to, thereby he had no access to the cellular device.

Because of this clear due process violation, Petitioner Garcia-Muniz humbly moves this Court to grant the relief he is requesting herein, that is to vacate the conviction for the incident report, dismiss or expunge the incident report, re-instate his good-time credit and remove all other sanctions imposed.

## CONCLUSION

Petitioner Garcia-Muniz's rights to Procedural Due Process was violated where he was deprived of an opportunity to present evidence, deprived of the right to have a staff representative represent him during the disciplinary hearing, and where there was "no evidence" to support a finding the Petitioner Garcia-Muniz possessed the cellular device in this case. While stating that a number was found in the phone that also was found in Petitioner Garcia-Muniz's call history, the investigating officer provided no evidence to support this statement.

She did not provide Petitioner Garcia-Muniz's call history, and when Petitioner Garcia-Muniz challenged this assertion, he was deprived of access to his call history, and the call history that he was finally provided showed no call history at all.

    Petitioner Garcia-Muniz did not possess the cellular device in question, and thare is no evidence that he did. Therefore, Petitioner garcia-Muniz respectfully and humbly moves this Court to grant the relief requested herein, as the interest of justice and fundamental fairness requires.

Respectfully Submitted,

_____
Rolando Andres Garcia-Muniz
74469-079
FCI-Three Rivers
P.O. Box 4200
Three Rivers, TX 78071

April 6, 2017



Rolando Andres Garcia-Muniz
74469-079 *B-Unit
Federal Correctional Facility
Three Rivers
P.O. Box 4200
Three Rivers, TX 78071

**CERTIFIED MAIL**

7016 2140 0000 7800 4000

Clerk, U.S. District Court
Southern District of Texas
FILED
APR 12 2017
David J. Bradley, Clerk of Court

<>74469-079<>
Clerk Of Court
1133 N Shoreline BLVD
CORP Christi, TX 78401
United States

Clerk of Court
United States District Court
Southern District of Texas - Corp